UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CASE NO:

**OZ MARSHALL**

    Plaintiff,

v.

**ROWE ROOFING, INC.,**
a Florida Corporation,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, OZ MARSHALL, an individual ("Plaintiff"), by and through his undersigned counsel, brings this action under the Fair Labor Standards Act ("FLSA") against ROWE ROOFING, INC., a Florida Corporation, ("Defendant") for unpaid overtime compensation and hereby states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Venue in the Northern District of Florida is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Defendant provides services in Gadsden County, Florida, which is located in this district and is thus considered a resident

of this district. Further, a significant portion of the events giving rise to the claim alleged herein occurred within this District.

## PARTIES AND FLSA COVERAGE

3. At all times material hereto, Plaintiff was a resident of Gadsden County, Florida.

4. At all times material hereto, Defendant was, and continues to be, a Florida Profit Corporation, and continues to be engaged in business in Gadsden County, Florida.

5. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA, but not for purposes of the Motor Carrier Act.

6. At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA, but not for purposes of the Motor Carrier Act.

7. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

8. At all times material hereto, Defendant was the "employer" within the meaning of the FLSA.

9. At all times material hereto, Defendant was, and continues to be, "an enterprise engaged in commerce," within the meaning of the FLSA.

10. At all times material hereto, Defendant was, and continues to be, an enterprise engaged in the "production of goods for commerce," within the meaning of the FLSA.

11. Based upon information and belief, the annual gross revenue of Defendant, during all times relevant, was in excess of $500,000.00 per annum during the relevant time periods.

12. At all times relevant hereto, Defendant was primarily engaged in roofing services in, among other places, Gadsden County, Florida.

13. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

14. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

## FACTUAL ALLEGATIONS

15. Plaintiff worked for Defendant as an hourly paid roof installation laborer from July 24, 2019, through October 15, 2020.

16. Defendant operates a large-scale roofing company headquartered in Midway, Florida.

17. Throughout Plaintiff's employment, Defendant regularly required Plaintiff to work in excess of forty (40) hours per week.

18. Defendant paid Plaintiff an hourly rate of $15.00 per hour.

19. Plaintiff regularly worked forty-five (45) or more hours per week for Defendant.

20. Defendant failed to pay Plaintiff full and proper overtime compensation for all hours worked over forty (40) per week during the relevant limitations period.

21. When Plaintiff worked more than forty (40) hours in a given work week, Defendant failed to properly pay him for all overtime hours worked.

22. At all times relevant, Defendant failed to keep and maintain accurate records of all hours worked by Plaintiff.

23. Plaintiff should have been compensated at the rate of one-and-one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA, throughout his employment.

24. Defendant violated Title 29 U.S.C. §207 in that:

   a. Plaintiff worked in excess of forty (40) hours in one or more workweeks for his period of employment with Defendant;

   b. No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for **all** hours

   worked in excess of forty (40) hours per work week, as provided by the FLSA; and

  c. Defendant failed to maintain proper time records as mandated by the FLSA.

25. Prior to violating the FLSA, Defendant did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

26. Prior to violating the FLSA, Defendant did not consult with the DOL to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

27. Prior to violating the FLSA, Defendant did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

28. Based on the allegations in Paragraphs 25-27, above, Plaintiff is entitled to liquidated damages, as Defendant has no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

29. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. § 207 OVERTIME COMPENSATION

30. Plaintiff reincorporates and re-alleges paragraphs 1 through 29, above, as though fully set forth herein, and further alleges as follows:

31. Plaintiff is entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

32. During Plaintiff's employment with Defendant, Plaintiff regularly worked overtime hours, but was not paid full and proper time-and-one-half compensation for all hours worked.

33. Plaintiff was not an exempt employee as defined by the FLSA.

34. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

35. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in his favor against Defendant, and that this Court:

a. Declare, pursuant to the FLSA, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b. Award Plaintiff overtime compensation in the amount due to him for time worked in excess of forty (40) hours per work week;

c. Award Plaintiff liquidated damages in an amount equal to the overtime award;

d. Award Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Award Plaintiff pre-judgment interest; and

f. Order any other and further relief that this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated this 23rd day of September 2021.

Respectfully submitted,

/s/ **_NOAH E. STORCH_**
Noah E. Storch, Esquire
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. State Road 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
noah@floridaovertimelawyer.com

*Counsel for Plaintiff*